NORTON et al. v. FARLEY.

(Supreme Court, Appellate Division, Second Department. April 22, 1904.)

1. CONTRACTS—PERSONAL SERVICES—EVIDENCE—SUFFICIENCY.
    In an action on a contract for services consisting of the furnishing of a number of trucks and day laborers, plaintiffs' bill of particulars was introduced in evidence by stipulation, and, though one of plaintiffs testified that he did not personally know that the trucks and laborers remained each day in the service of the defendant after they were furnished, because he was only at work from a half an hour to an hour and a half daily, it appeared that a bill was rendered to defendant which was an exact copy of the bill of particulars, and that the defendant made no objection to it, but promised to pay it if time were allowed him. Held, to make a prima facie case for plaintiffs.

Appeal from Municipal Court, Borough of Manhattan, First District.
Action by Dennis E. Norton and another against Thomas M. Farley. From a judgment for defendant, plaintiffs appeal. Reversed.
Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

J. Stewart Ross, for appellants.
Meier Steinbrink, for respondent.

HIRSCHBERG, P. J. The dismissal of the complaint was at the close of the plaintiffs' case, not upon the merits, but for failure of proof. I think the justice took too narrow a view of the plaintiffs' evidence. The action appears to have been brought to recover an alleged balance of $191.25 on a bill for services performed in the sum of $640.35, on which the defendant paid the plaintiffs $449.10 before the commencement of the action. It appears by the evidence that the services in question consisted of the furnishing by the plaintiffs to the defendant of a certain number of trucks and a certain number

of laborers by the day, to be used by the defendant in the performance of contract work in which he was then engaged. The answer comprises a general denial, and as an additional defense that the payment of the $449.10 was in compromise of the plaintiffs' claim of $640.35, and in accord and satisfaction. The parties stipulated that the plaintiffs might put in evidence their bill of particulars in support of their claim, and it was accordingly offered and received without objection. It is not returned, and this court has no knowledge of the items contained in it, but it may be properly assumed from the oral proof that the items amount to the sum of $640.35, and consist of charges by the day for trucks and laborers furnished by the plaintiffs to the defendant, and used by him in the performance of his contract. It did appear on the cross-examination of the plaintiffs' witness, the appellant Dennis E. Norton, that he did not personally know that the trucks and laborers remained each day in the service of the defendant after they were so furnished, for he was only at the work from a half an hour to an hour and a half daily. In view of the apparent nature of the claim this want of knowledge is of no significance, but there are other details in respect to which his knowledge was hearsay, and which might have been fatal had the case been tried in the usual way without a stipulation to save time by the reception of informal proof. It did appear, however, that the bill rendered to the defendant was an exact copy of the bill of particulars; that the defendant made no objection to it, and promised to pay it if time were allowed him. In the circumstances the evidence was prima facie sufficient to establish the plaintiffs' claim. The judgment should accordingly be reversed.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.